IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DYMOND CHARLES BROWN, )
)
      Petitioner, )
)
vs. ) Case No. CIV-09-391-RAW
) (Underlying case no. CR-06-69)
UNITED STATES OF AMERICA, )
)
      Respondent. )

**ORDER**

Before the court is the motion of the petitioner pursuant to 28 U.S.C. §2255[1]. Petitioner was convicted by a jury on February 12, 2007. He appealed his conviction and sentence to the United States Court of Appeals for the Tenth Circuit, which affirmed on March 31, 2008. *See United States v. Brown,* 271 Fed.Appx. 791 (10th Cir.), *cert. denied,* 129 S.Ct. 182 (2008). The denial of certiorari was issued October 6, 2008. The present motion was filed October 13, 2009.

The motion rests on claims of ineffective assistance of counsel. This requires satisfaction of a two-part test. First, the petitioner must show that counsel's performance was deficient. Second, petitioner must show that the deficient performance prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 689 (1984). *See also Sandoval v. Ulibarri,* 548 F.3d 902, 909 (10th Cir.2008), *cert. denied,* 130 S.Ct. 133 (2009). A court need

---

[1]The government has not moved to dismiss, but it appears to be a close question whether the motion is timely under §2255's one-year time limit and the "prisoner mailbox rule." *See generally United States v. Mack,* 2009 WL 3763728 (N.D.Okla.). Based on the present record, the court will not dismiss and will address the merits of the motion.

not address both prongs of the *Strickland* test if petitioner fails to make a sufficient showing of one. *Cooks v. Ward,* 165 F.3d 1283, 1292-93 (10th Cir.1998).

First, petitioner contends his counsel failed to advise him of the foreseeable consequences of rejecting a plea offer. Specifically, he asserts that counsel did not sufficiently contrast the possible sentence resulting from a plea of guilty versus the possible sentence resulting from a jury verdict of guilty. In this context, effective assistance of counsel includes counsel's informed opinion as to what pleas should be entered. *United States v. Carter,* 130 F.3d 1432, 1442 (10th Cir.1997). As for the prejudice prong, there must be a reasonable probability that but for incompetent counsel a defendant would have accepted the plea offer and pleaded guilty. *Id.* Petitioner has filed to make this demonstration. As the affidavit of counsel indicates, petitioner maintained his innocence throughout pretrial proceedings and desired a jury trial. *See Doyle v. Alameida,* 125 Fed. Appx. 762 (9th Cir.2004). Petitioner still maintains his innocence in ¶4 of the Declaration attached to his petition. Relief on this ground will be denied.

Next, petitioner contends that counsel's failure to present an actual innocence defense compelled petitioner to take the witness stand. Again, to satisfy the second prong of the *Strickland* test, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *United States v. Casteneda-Ulloa,* 100 Fed. Appx. 757 (10th Cir.2004). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The court

denies relief on this ground as well. The evidence of petitioner's guilt was overwhelming, and counsel's trial conduct was within the realm of sound trial strategy. The court made a factual record at the time regarding petitioner's decision to testify in his own behalf.

Finally, petitioner contends the government failed to disclose impeachment and exculpatory materials in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). Also, he complains that counsel was ineffective in handling information regarding an alleged relationship between petitioner's ex-girlfriend and the witness Officer Fulsom.

In the usual case, a petitioner seeking habeas relief for an alleged *Brady* violation must show that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense. *See Trammell v. McKune,* 485 F.3d 546, 551 (10th Cir.2007). The touchstone of materiality is a reasonable probability of a different result, which exists when the government's evidentiary suppression undermines confidence in the outcome of the trial. *Id.* Courts must review the cumulative impact of the withheld evidence, its utility to the defense as well as its potentially damaging impact on the prosecution's case. Courts should evaluate the materiality of withheld evidence in light of the entire record in order to determine if the omitted evidence creates a reasonable doubt that did not otherwise exist. What might be considered insignificant evidence in a strong case might suffice to disturb an already questionable verdict. *Snow v. Sirmons,* 474 F.3d 693, 711 (10th Cir.2007). The court must again emphasize the ample evidence in this case of

petitioner's guilt. The court is not persuaded that the evidence in question (of an unrelated civil claim against Officer Fulsom) was material[2].

As for any purported relationship between Fulsom and defendant's ex-girlfriend, defense counsel cross-examined Fulsom about it at trial. The court declines to find ineffective assistance of counsel on this point. As to all claims, the court further concludes that an evidentiary hearing is not necessary. *See United States v. Lopez,* 100 F.3d 113, 119 (10th Cir.1996).

It is the order of the court that the motion of the petitioner is hereby DENIED.

It is so ordered on this 3rd day of May, 2010.


**Dated this 3rd Day of May 2010.**

                                        Ronald A. White
                                        United States District Judge
                                        Eastern District of Oklahoma

j4h4i0

---

[2] In any event, it appears the materials were not within the prosecution's control to turn over.